

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-25-00403-CV

---

CHARLES MOBLEY, Appellant

V.

DIAMOND TRUCK SALES, INC., Appellee

---

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-359155-24

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Charles Mobley appeals pro se from an order dismissing his suit against Diamond Truck Sales, Inc. with prejudice. *See* Tex. R. Civ. P. 91a.1. Because Mobley has failed to adequately brief an appellate complaint despite being given the opportunity to correct his deficient briefing, we affirm.

Mobley filed his initial brief on October 23, 2025. We sent him a letter listing the ways in which the brief did not comply with the Texas Rules of Appellate Procedure,[1] requested that he file an amended brief, and warned that his failure to do so could "result in . . . a waiver of noncomplying points." Mobley filed a corrected brief, but it does not contain any discernible issues or points.

Although we must construe briefs liberally, Tex. R. App. P. 38.9, we must also hold a pro se litigant to the same rules of procedure as a licensed attorney, *e.g.*, *Sammour v. Adler*, No. 02-21-00086-CV, 2022 WL 963845, at *2 (Tex. App.—Fort Worth Mar. 31, 2022, no pet.) (mem. op.). The Texas Rules of Appellate Procedure require that to properly present a case on appeal, the appellant's brief must (1) "state concisely all issues or points presented for review," Tex. R. App. P. 38.1(f), and (2) "contain a clear and concise argument for the contentions made," Tex. R. App. P. 38.1(i). An appellate court has no duty to perform an independent review of the

---

[1]We specifically pointed out that the brief did not contain any "issues presented." *See* Tex. R. App. P. 38.1(f).

record and applicable law to determine whether error exists.  *See Sammour*, 2022 WL 963845, at *2.

Any argument in Mobley's initial and corrected briefs is incomprehensible; we cannot discern any alleged legal bases to reverse the trial court's order.[2]  Because Mobley has failed to properly identify or argue any legal issues or points in his appellate briefing, we conclude that his appeal is inadequately briefed and presents nothing for this court to review.  *See, e.g.*, *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018); *Sammour*, 2022 WL 963845, at *2.

We therefore affirm the trial court's dismissal order.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  March 26, 2026

---

[2]No reporter's record has been filed.  Mobley's original petition in the clerk's record alleged the following as the complaint's basis:  "Loss of wages business lof [sic] capital and creditors."  His amended petition never identified a cause of action; instead, it recited grievances regarding events that occurred after the purchasing of a used truck from Diamond—basically that the truck broke down and needed repairs and that Diamond had agreed to make those repairs, but that before those repairs could be made, the finance company repossessed the truck.  In his corrected brief, Mobley argues that "[t]his is an obvious case of lemon law."  But he did not discernibly plead a cause of action under the Texas Lemon Law.  *See Dutchmen Mfg., Inc. v. Tex. Dep't of Transp., Motor Vehicle Div.*, 383 S.W.3d 217, 223 (Tex. App.—Austin 2012, no pet.) (noting that intent of Texas Lemon Law "is to provide the buyer of a new vehicle with a way to obtain a refund or a replacement vehicle without the obstacles of litigating under other applicable laws").  Instead of seeking a repair or replacement vehicle, Mobley sought damages in the amount of $202,000,757.62.